UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS LEE WILLIAMS,

              Petitioner,                   **ORDER**

    -vs-                                          No. 02-CV-6496

STATE OF NEW YORK,

              Respondent.
_____

        Before the Court is petitioner's pleading entitled "Objections to Decision and Order Rendered by Hon. Magistrate Judge Bianchini." *See* Docket #54. In it, petitioner states that pursuant to "Federal Rule 72; and Judiciary and Judicial Procedure Rule 636, [he] makes the following objection(s)" to this Court's Order dismissing petitioner's petition for habeas relief. *Id.* Petitioner goes on to argue that the Court incorrectly decided his claims for habeas relief (*i.e.*, that his adjudication as a persistent felony offender violated the Double Jeopardy Clause and collateral estoppel principles and that his sentence was illegal). *See id.*

        As an initial matter, the Court notes that petitioner and respondent both consented to magistrate judge jurisdiction. This consent gives the undersigned the authority to dispose of petitioner's habeas petition on the merits. Thus, the Court's order denying the petition was a final decision and order, and petitioner cannot seek review of that order by the district court. In other words, notwithstanding his petitioner's "objections" to this Court's order, he is not entitled to further review of the order by the district court.

        Construing his *pro se* submissions liberally, as it must, *see Haines v. Kerner*, 404 U.S.

519, 520 (1972), this Court deems petitioner's "objections" to be a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) since it was filed more than ten days after the entry of the challenged order. *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993) ("We conclude that a motion to reconsider a section 2255 ruling is available, that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter, and that its effect on appellate jurisdiction, like motions for reconsideration in civil cases, depends on whether it is filed within or outside the 10-day period.").[1]

"A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of this Court: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (citing Fed R. Civ. P. 60(b)) (emphasis in original). The Second Circuit has held that Rule 60(b) may not be used as a "substitute for a timely appeal." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *see also Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967). As Rule 60(b) affords a

---

[1] *Kellogg v. Strack*, 269 F.3d 100, 103 n. 3 (2d Cir. 2001) (stating that 28 U.S.C. § 2254 and 28 U.S.C. § 2255 "are generally seen as in pari materia," the reasoning of cases in the context of § 2254 petitions applies equally to § 2255 petitions) (quoting *Fama v. Comm'r of Correctional Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000)).

petitioner "extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 6.

Subsections (1) through (5) of Rule 60(b) are clearly inapplicable to petitioner's case; for instance, he has not argued mistake, fraud, or that the judgment is void. Rule 60(b)(6), the "catch-all," offers relief to a litigant for "any other reason justifying relief from the operation of the judgment" and is the only potentially viable option open to petitioner. The Second Circuit has stated that Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer*, 793 F.2d at 63 (citations omitted). However, nowhere in the pleadings submitted to this Court does petitioner satisfy the requirements of Rule 60(b)(6).

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). Here, petitioner essentially reargues the same three claims that he raised in his habeas petition regarding his sentence; he is effectively asking this Court to vacate its earlier judgment while offering nothing more than arguments that this Court has already carefully analyzed and found to be lacking in merit.[2] A motion for reconsideration is an extraordinary remedy and is not warranted simply because petitioner is unhappy with the outcome of his case. As neither the interests of justice nor judicial economy would be served by reopening and re-litigating petitioner's claims, the policy in favor of finality

---

[2] Arguably, this application could be construed as a second or successive petition because the claims presented here were also "presented in a prior application" and should be dismissed on that basis. *See Gonzalez v. Crosby*, __ U.S. __, 125 S. Ct. 2641, 2647-48 (2005); 28 U.S.C. § 2244(b).

clearly predominates.

## CONCLUSION

For the reasons set forth above, petitioner's motion for reconsideration is denied.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   April 11, 2006
         Rochester, New York.